# EXHIBIT B

**AKERMAN LLP**
EVELINA GENTRY (SBN 296796)
evelina.gentry@akerman.com
633 West Fifth Street, Suite 6400
Los Angeles, CA 90071
Telephone: (213) 688-9500
Facsimile: (213) 627-6342

*Attorneys for Plaintiff/Judgment Creditor*
*DuoDuo Cao f/k/a Yaqin Liu*

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT – RIVERSIDE DIVISION**

| | |
|---|---|
| In re: | Case No.: 6:26-bk-10804-SY |
| BIN ZHANG, | The Hon. Scott H. Yun |
| Debtor | Chapter 7 |
| DUODUO CAO f/k/a YAGIN LIU | Adv. No. |
| Plaintiff, | |
| vs. | **COMPLAINT TO DETERMINE NON-DISCHARGEABILITY OF DEBT PURSUANT TO 11 U.S.C. § 523(A)(6)** |
| BIN ZHANG, | |
| Defendant. | |

Plaintiff, DuoDuo Cao f/k/a Yaqin Liu ("Plaintiff"), through her undersigned counsel, hereby brings this proceeding against Defendant, Bin Zhang a/k/a Alex Chang ("Defendant"), a debtor in the above-captioned case under Chapter 7 of Title 11 of the United States Code (the "Bankruptcy Code"), and alleges as follows:

## I.    PARTIES

1.    Plaintiff is an individual residing in Hillsborough County, Florida.

2.    Defendant is a debtor in the above-captioned case under Chapter 7 of the Bankruptcy Code and, as of the commencement of his bankruptcy case, Defendant resided at 33276 Alagon Street,

1

**COMPLAINT**

86399623;2

AKERMAN LLP
633 WEST FIFTH STREET, SUITE 6400
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

Temecula, Riverside County, California 92592.

## II.    JURISDICTION AND VENUE

3.    This Court has jurisdiction over this proceeding pursuant to 28 U.S.C. § 1334, which is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

4.    Venue is proper before this Court pursuant to 28 U.S.C. § 1409.

## III.    BASIS FOR RELIEF REQUESTED

5.    This proceeding is initiated pursuant to Section 523 of the Bankruptcy Code.

## IV.    FACTS

### A.    Defendant's Bankruptcy Case

6.    On February 3, 2026 (the "Petition Date"), Defendant commenced a case under Chapter 7 of the Bankruptcy Code before this Court and that constituted his second bankruptcy filing.

7.    Defendant previously filed a Chapter 7 petition (Case No. 6:25-bk-19302) on December 30, 2025, which was dismissed on January 14, 2026, for his failure to file schedules among other reasons.

### B.    State Court Action for Defamation *Per Se* Against Defendant

8.    On or about June 4, 2021, and well before the Petition Date, Plaintiff commenced an action against Defendant in the Circuit Court of the Thirteenth Judicial Circuit in and for Hillsborough County, Florida, under Case No. 21-CA-004599, and seeking damages for defamation *per se* (the "State Court Action"). A true and correct copy of the Complaint initiating the State Court Action is attached hereto as **Exhibit "A."**

9.    Beginning in or around February 2020, Plaintiff began posting video segments on YouTube in which Plaintiff shared her gratitude for the United States and occasionally offered her opinions on the relationship between the United States and her native country, China.

10.    Plaintiff's video segments were featured on her YouTube channel under the name "Māo Shén (Māoyǎn Kàn Zhōng Guó)" or, in English, "Cat God (Cat Eyes Seeing China)."

11.    As of December 2020, Plaintiff's video segments had earned over 180,000 subscriptions to her YouTube channel, were viewed over 10,000,000 times in the United States, were

2

**COMPLAINT**

86399623;2

viewed over 145,000 times in Florida alone, and became a source of recurring income for Plaintiff.

12. At the same time, Defendant posted video segments on YouTube that were broadcast into Florida and in which he provided financial advice, encouraged business inquiries by email, solicited subscriptions to his channel, permitted viewers to post comments, welcomed donations via PayPal, and generated income for Defendant.

13. Beginning on December 17, 2020, and continuing through December 27, 2020, Defendant posted a series of seven video segments on YouTube, as part of his self-proclaimed "Cat Killing Mission," wherein he attacked Plaintiff with defamatory statements that identified Plaintiff in photographs and by her name and her Florida residence, clamored for additional personal information on Plaintiff, declared his objective of having Plaintiff involuntarily repatriated to China, actively encouraged Plaintiff to sue him because of his defamatory statements, and otherwise sought to ruin Plaintiff's channel, viewership, subscriptions, and income for the enhancement of his own YouTube channel, viewership, subscriptions, and income.

14. Defendant's defamatory video segments included false statements asserting, among other hateful assertions, that Plaintiff was the spokesperson for, and mistress of, a supposed spy for the Chinese Communist Party ("CCP") and, together, they were "this adulterer and this whore"; that Plaintiff "has been raped by black men, gang raped"; that Plaintiff was a prostitute and consorted with "white men" and "black men" in the United States; and that Plaintiff was a mistress to corrupt officials in China.

15. Defendant often repeated his objective of having Plaintiff involuntarily repatriated to China and his "Cat Killing Mission."

16. Defendant's statements and video segments were viewed throughout the United States and, more precisely, by Floridians, including Floridians who subsequently notified and questioned Plaintiff about Defendant's misconduct.

17. Defendant's statements and video segments exposed Plaintiff to hatred, distrust, ridicule, contempt, and disgrace, injured her in the exercise of her business on YouTube, and attributed unchastity, acts in concert with the CCP, criminal misconduct, unfitness in her chosen occupation, and

3

**COMPLAINT**

86399623;2

AKERMAN LLP
633 WEST FIFTH STREET, SUITE 6400
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

other loathsome acts and characteristics.

18.     Defendant's statements and video segments were defamatory *per se* and, thus, Defendant's malice and intent to harm Plaintiff were conclusively presumed under the law.

19.     Plaintiff also suffered actual damages because of Defendant's willful and malicious statements, including Plaintiff's hospitalization for suicidal ideation.

20.     Defendant repeatedly encouraged Plaintiff to sue him, stating "I am waiting for you to sue me. If you do not sue me, you are a son of a bitch," and "I have full legal responsibility to all the content I said, right? I am not afraid of losing money or anything."

21.     Defendant retained counsel and initially defended against the State Court Action, filed an answer and affirmative defenses, and filed a counterclaim against Plaintiff.

22.     The state court subsequently struck Defendant's answer, affirmative defenses, and counterclaim due to his misconduct during the litigation and, as a consequence, Defendant was deemed to have admitted the allegations in Plaintiff's Complaint, except those pertaining to the amount of damages, which was reserved for the jury's determination at trial.

### C.     Verdict and Judgment Against Defendant

23.     A trial was conducted, and on November 18, 2022, the jury returned a verdict of $1,625,000 in favor of Plaintiff and against Defendant.

24.     The jury awarded damages to Plaintiff as follows: (a) $100,000.00 for medical expenses incurred in the past and to be incurred in the future; (b) $1,400,000.00 for loss of earnings in the past and loss of earning capacity in the future; and (c) $125,000.00 for shame, humiliation, and mental anguish experienced in the past and to be experienced in the future. A copy of the jury's verdict is attached hereto as **Exhibit "B."**

25.     On November 18, 2022, the state court entered a Final Judgment in favor of Plaintiff on her defamation *per se* claim and against Defendant Bin Zhang, also known as Alex Chang, in the amount of $1,625,000, plus interest at the rate of 4.75% per year pursuant to Florida Statutes, § 55.03 (the "Judgment"). A true and correct copy of the Judgment is attached hereto as **Exhibit "C."**

26.     The Judgment remains completely unsatisfied.

**AKERMAN LLP**
633 WEST FIFTH STREET, SUITE 6400
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

4

**COMPLAINT**

86399623;2

**FIRST CAUSE OF ACTION**

**(For Determination That the Debt Due to Plaintiff Is**

**Non-Dischargeable Pursuant to 11 U.S.C. § 523(a)(6))**

27. Plaintiff repeats and realleges each of the allegations set forth above as though fully set forth herein.

28. Section 523(a)(6) of the Bankruptcy Code excepts from discharge "any debt…for willful and malicious injury by the debtor to another entity or to the property of another entity."

29. Defendant willfully and maliciously injured Plaintiff by publishing false and hateful statements about Plaintiff that were viewed throughout the United States and deliberately exposed Plaintiff to hatred, distrust, ridicule, contempt, and disgrace, injured her in the exercise of her business, and attributed unchastity, acts in concert with the CCP, criminal misconduct, unfitness in her chosen occupation, and other loathsome acts and characteristics.

30. Defendant's statements, when read or heard plainly, demonstrated his intent to injure Plaintiff: Defendant proclaimed a "Cat Killing Mission," referenced Plaintiff's full name and residence in Florida, featured photographs of her, declared his objective of having Plaintiff involuntarily repatriated to China, clamored for more personal information about Plaintiff, and repeatedly encouraged Plaintiff to sue him, boasting that he had "full legal responsibility" for his statements and was "not afraid of losing money."

31. Defendant's defamatory statements were highly personal and intended to harm Plaintiff, which they did in many ways, including her hospitalization for suicidal ideation.

32. As determined by a jury and based upon the evidence, Defendant is liable to Plaintiff for defamation *per se* in an amount not less than $1,625,000, plus accrued interest at the rate of 4.75% per year from November 18, 2022.

33. The entire Judgment, including damages for lost earnings and earning capacity, medical expenses, and shame, humiliation, and mental anguish, arises from Defendant's willful and malicious injury to Plaintiff and is nondischargeable.

34. Defendant's conduct, as alleged above, precludes him from obtaining a discharge of

**AKERMAN LLP**
633 WEST FIFTH STREET, SUITE 6400
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

5

**COMPLAINT**

86399623;2

his debt to Plaintiff pursuant to Section 523(a)(6) of the Bankruptcy Code.

## **PRAYER FOR RELIEF**

**WHEREFORE, Plaintiff prays for judgment as follows:**

1.      For a determination that the debt owed by Defendant to Plaintiff is non-dischargeable pursuant to 11 U.S.C. § 523(a)(6);

2.      Awarding prejudgment interest to Plaintiff;

3.      Awarding to Plaintiff the costs of suit incurred herein; and

4.      For such other relief as the Court may find just and proper.

Date:  April 29, 2026                          **AKERMAN LLP**


By: */s/ Evelina Gentry*
      Evelina Gentry
      *Attorneys for Plaintiff/Judgment Creditor*
      *DUODUO CAO F/K/A YAQIN LIU*

AKERMAN LLP
633 WEST FIFTH STREET, SUITE 6400
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

6

**COMPLAINT**

86399623;2

# EXHIBIT A

IN THE CIRCUIT COURT OF THE
THIRTEENTH JUDICIAL CIRCUIT IN AND
FOR HILLSBOROUGH COUNTY, FLORIDA

YAQIN LIU,                          )
                                    )
        Plaintiff,                  )
                                    )
v.                                  )        CASE NO.
                                    )
                                    )        DIVISION
BIN ZHANG,                          )
                                    )
        Defendant.                  )
_____     )

## COMPLAINT

Plaintiff, YAQIN LIU, hereby sues Defendant, BIN ZHANG, and alleges as follows:

1.      This action involves online defamatory statements which were accessed in Florida and which were about, expressly aimed toward, and harmful to a Florida resident, who sustained damages in excess of $30,000, exclusive of interest, costs, and attorney's fees.

2.      Plaintiff, YAQIN LIU, is and was, at all material times, a lawful permanent resident of the United States and, more precisely, Hillsborough County, Florida.

3.      Beginning in or around February of 2020, Plaintiff began to post video segments on YouTube in which she shared her gratitude for the United States, referenced her support of the Republican Party, and occasionally offered her opinions on the relationship between the United States and her native country, China.

4.      Plaintiff's video segments are presented in Mandarin Chinese and are featured on her YouTube channel under the name of "Māo Shén (Māoyǎn Kàn Zhōng Guó)" or, in English, "Cat God (Cat Eyes Seeing China)."

5.      As of December of 2020, Plaintiff's youthful and observational video segments earned over 180,000 subscriptions to her YouTube channel, were viewed over 10,000,000 times in the United States, were viewed over 145,000 times in Florida alone, and became a source of recuring income for Plaintiff.

6.      Defendant, BIN ZHANG, is and was, at all material times, a permanent resident of the United States and, more precisely, the State of California.

7.      Defendant posts video segments on YouTube which are automatically broadcast into Florida and in which he provides financial advice, encourages business inquiries by email, solicits subscriptions to his channel, permits viewers to post comments, welcomes donations via PayPal, and generates income for Defendant.

8.      Defendant's video segments are presented in Mandarin Chinese and are featured on his YouTube channel under the name of "Ālì Zài Měiguó" or, in English, "Ali in the USA."

9.      Beginning on December 17, 2020, and continuing through December 27, 2020, Defendant posted a series of seven video segments on YouTube, as part of his self-proclaimed, "Cat Killing Mission," wherein he attacked Plaintiff with defamatory statements that identified Plaintiff by her name and her Florida residence, clamored for additional personal information on Plaintiff, declared his objective of having Plaintiff involuntarily repatriated to China, actively encouraged Plaintiff to sue him because of his defamatory statements, and otherwise sought to ruin Plaintiff's YouTube channel, viewership, subscriptions, and income for the enhancement of his own YouTube channel, viewership, subscriptions, and income.

10.      Defendant's defamatory statements and video segments were viewed throughout the United States and, more precisely, by Floridians, including Floridians who subsequently notified and questioned Plaintiff about Defendant's misconduct.

**COUNT I
DEFAMATION PER SE REGARDING
VIDEO SEGMENT AND STATEMENTS PUBLISHED ON
DECEMBER 17, 2020**

11.      Plaintiff adopts and incorporates by reference the first paragraph through the tenth paragraph, above, as if repeated within this count.

CASE NO.

12.  On or about December 17, 2020, Defendant posted a video segment on YouTube featuring one or more photographs of Plaintiff and containing false statements about her, which exposed Plaintiff to hatred, distrust, ridicule, contempt, or disgrace, which injured her in the exercise of her business on YouTube, and which attributed acts of unchastity to her.

13.  Defendant's video segment on or about December 17, 2020, included Defendant's publication or republication of defamatory statements falsely asserting, among other harmful assertions, that Plaintiff is the spokesperson for, and mistress of, a supposed spy for the Chinese Communist Party ("CCP") and, together, they are "this adulterer and this whore."

14.  The defamatory statements in Defendant's video segment on or about December 17, 2020, are actionable *per se*, and as such, Defendant's malice and the resulting injury and damage to Plaintiff are conclusively presumed under Florida law.

15.  Notwithstanding this conclusive presumption of malice and damage, Defendant's video segment on or about December 17, 2020, proximately caused actual damages to Plaintiff in the past, and will cause actual damages to Plaintiff in the future, including, but not limited to, her shame, humiliation, and mental anguish, medical expenses, and her loss of earnings and earning capacity.

WHEREFORE, Plaintiff, YAQIN LIU, hereby demands entry of a judgment against Defendant, BIN ZHANG, for compensatory damages, costs, and such other relief as this Court may deem just and proper.

**COUNT II**
**DEFAMATION PER SE REGARDING**
**VIDEO SEGMENT AND STATEMENTS PUBLISHED ON**
**DECEMBER 19, 2020**

16.  Plaintiff adopts and incorporates by reference the first paragraph through the tenth paragraph, above, as if repeated within this count.

3

17.     On or about December 19, 2020, Defendant posted a video segment on YouTube featuring one or more photographs of Plaintiff and containing false statements about her, which exposed Plaintiff to hatred, distrust, ridicule, contempt, or disgrace, which injured her in the exercise of her business on YouTube, and which attributed acts of unchastity to her.

18.     Defendant's video segment on or about December 19, 2020, included Defendant's publication or republication of defamatory statements falsely asserting, among other harmful assertions, that Plaintiff's YouTube channel and video segments are written, produced, and manipulated for revenues by the same, supposed CCP spy referenced in Defendant's prior video segment and, once again, that Plaintiff is the mistress of this supposed CCP spy.

19.     The defamatory statements in Defendant's video segment on or about December 19, 2020, are actionable *per se*, and as such, Defendant's malice and the resulting injury and damage to Plaintiff are conclusively presumed under Florida law.

20.     Notwithstanding this conclusive presumption of malice and damage, Defendant's video segment on or about December 19, 2020, proximately caused actual damages to Plaintiff in the past, and will cause actual damages to Plaintiff in the future, including, but not limited to, her shame, humiliation, and mental anguish, medical expenses, and her loss of earnings and earning capacity.

WHEREFORE, Plaintiff, YAQIN LIU, hereby demands entry of a judgment against Defendant, BIN ZHANG, for compensatory damages, costs, and such other relief as this Court may deem just and proper.

**COUNT III**
**DEFAMATION PER SE REGARDING**
**VIDEO SEGMENT AND STATEMENTS PUBLISHED ON**
**DECEMBER 20, 2020**

21.     Plaintiff adopts and incorporates by reference the first paragraph through the tenth paragraph, above, as if repeated within this count.

Case 6:26-app-01035-SY Doc 15-2 Filed 04/29/26 Entered 04/29/26 17:30:14 Desc
Exhibit B - Copy of State Court Action Complaint Defendant Page 6 of 23 Page 13 of 30

CASE NO.

22.    On or about December 20, 2020, Defendant posted a video segment on YouTube featuring one or more photographs of Plaintiff and containing false statements about her, which exposed Plaintiff to hatred, distrust, ridicule, contempt, or disgrace, which injured her in the exercise of her business on YouTube, and which attributed acts of unchastity to Plaintiff.

23.    Defendant's video segment on or about December 20, 2020, included Defendant's publication or republication of defamatory statements falsely asserting, among other harmful assertions, that Plaintiff is the mistress of the same, supposed CCP spy referenced in Defendant's prior video segments and that, together, they are "two adulterer whores."

24.    Defendant's video segment on or about December 20, 2020, also included remarks by which Defendant encouraged Plaintiff to respond to him because of his defamatory statements, but if she did not, "she is brainless with big breasts[.]"

25.    The defamatory statements in Defendant's video segment on or about December 20, 2020, are actionable *per se*, and as such, Defendant's malice and the resulting injury and damage to Plaintiff are conclusively presumed under Florida law.

26.    Notwithstanding this conclusive presumption of malice and damage, Defendant's video segment on or about December 20, 2020, proximately caused actual damages to Plaintiff in the past, and will cause actual damages to Plaintiff in the future, including, but not limited to, her shame, humiliation, and mental anguish, medical expenses, and her loss of earnings and earning capacity.

WHEREFORE, Plaintiff, YAQIN LIU, hereby demands entry of a judgment against Defendant, BIN ZHANG, for compensatory damages, costs, and such other relief as this Court may deem just and proper.

CASE NO.

## COUNT IV
## DEFAMATION PER SE REGARDING
## VIDEO SEGMENT AND STATEMENTS PUBLISHED ON
## DECEMBER 23, 2020

27.     Plaintiff adopts and incorporates by reference the first paragraph through the tenth paragraph, above, as if repeated within this count.

28.     On or about December 23, 2020, Defendant posted a video segment on YouTube featuring one or more photographs of Plaintiff and containing false statements about her, which exposed Plaintiff to hatred, distrust, ridicule, contempt, or disgrace, which injured her in the exercise of her business on YouTube, and which attributed acts of unchastity to Plaintiff.

29.     Defendant's video segment on or about December 23, 2020, included Defendant's publication or republication of defamatory statements falsely asserting, among other harmful assertions, that Plaintiff is the mistress of the same, supposed CCP spy referenced in Defendant's prior video segments, that Plaintiff was also the mistress of CCP officers, that she issued a death threat to Defendant and Defendant's son, and that she is "the CCP's big propaganda, . . . a CCP running dog, . . . a communist bandit, and . . . a shameless bitch."

30.     Defendant's video segment on or about December 23, 2020, also included remarks by which Defendant encouraged Plaintiff to sue him because of his defamatory statements, specifically stating, "I am waiting for you to sue me.  If you do not sue me, you are a son of a bitch."

31.     Defendant further clamored for additional personal information on Plaintiff, specifically stating, "I want to know your true identity, your real information.  Once you sue me, you will need to use your real identity.  I will get your personal address [and] your personal name."

32.     Defendant followed his requests for Plaintiff's personal address with a direct threat to her safety, specifically stating, "Let me remind you that, in Chinese families in the U.S.,

6

who doesn't have some guns in the house, right? . . . I am just giving you a little warning."

33. Defendant thereafter declared his objective of having Plaintiff involuntarily repatriated to China.

34. Defendant later added, "Once you let me know your real name, then we will put a good show on the stage. So, everyone please keep paying attention to my channel."

35. Defendant explained his commercial interest and his "Cat Killing Mission" by stating, "2021 will begin soon, one or my main tasks in 2021 is to drive you, [Plaintiff], out of YouTube."

36. Defendant additionally stated, with the same commercial interest, "I hope, my friends, all people pass this video out and forward it, so that more people will know what kind of shit [Plaintiff] is."

37. Defendant concluded his video segment on or about December 23, 2020, with renewed requests for additional information on Plaintiff, a renewed declaration of his objective to eliminate Plaintiff from YouTube, and another remark encouraging Plaintiff to sue Defendant, specifically stating, "I am waiting for you to sue me. If you don't sue me, I will sue you anyway. I will definitely sue you."

38. The defamatory statements in Defendant's video segment on or about December 23, 2020, are actionable *per se*, and as such, Defendant's malice and the resulting injury and damage to Plaintiff are conclusively presumed under Florida law.

39. Notwithstanding this conclusive presumption of malice and damage, Defendant's video segment on or about December 23, 2020, proximately caused actual damages to Plaintiff in the past, and will cause actual damages to Plaintiff in the future, including, but not limited to, her shame, humiliation, and mental anguish, medical expenses, and her loss of earnings and earning capacity.

CASE NO.

WHEREFORE, Plaintiff, YAQIN LIU, hereby demands entry of a judgment against Defendant, BIN ZHANG, for compensatory damages, costs, and such other relief as this Court may deem just and proper.

**COUNT V**
**DEFAMATION PER SE REGARDING**
**VIDEO SEGMENT AND STATEMENTS PUBLISHED ON**
**DECEMBER 24, 2020**

40.     Plaintiff adopts and incorporates by reference the first paragraph through the tenth paragraph, above, as if repeated within this count.

41.     On or about December 24, 2020, Defendant posted a video segment on YouTube featuring one or more photographs of Plaintiff, specifically referencing her presence in Florida, and containing false statements about her, which exposed Plaintiff to hatred, distrust, ridicule, contempt, or disgrace, which injured her in the exercise of her business on YouTube, and which attributed acts of unchastity to Plaintiff.

42.     Defendant's video segment on or about December 24, 2020, included Defendant's publication or republication of defamatory statements falsely asserting, among other harmful assertions, that Plaintiff is a mistress, "has been raped by black men, gang raped," and is "a big propaganda."

43.     Defendant's video segment on or about December 24, 2020, also included remarks by which Defendant encouraged Plaintiff to sue him because of his defamatory statements, specifically stating, "If what I said is not right, I am willing to bear full legal responsibilities."

44.     Defendant concluded his video segment on or about December 24, 2020, with further encouragement to Plaintiff, specifically stating, "Let me see how you can sue me. I am waiting for you."

45.     The defamatory statements in Defendant's video segment on or about December 24, 2020, are actionable *per se*, and as such, Defendant's malice and the resulting injury and

8

CASE NO.

damage to Plaintiff are conclusively presumed under Florida law.

46.    Notwithstanding this conclusive presumption of malice and damage, Defendant's video segment on or about December 24, 2020, proximately caused actual damages to Plaintiff in the past, and will cause actual damages to Plaintiff in the future, including, but not limited to, her shame, humiliation, and mental anguish, medical expenses, and her loss of earnings and earning capacity.

WHEREFORE, Plaintiff, YAQIN LIU, hereby demands entry of a judgment against Defendant, BIN ZHANG, for compensatory damages, costs, and such other relief as this Court may deem just and proper.

**COUNT VI**
**DEFAMATION PER SE REGARDING**
**VIDEO SEGMENT AND STATEMENTS PUBLISHED ON**
**DECEMBER 26, 2020**

47.    Plaintiff adopts and incorporates by reference the first paragraph through the tenth paragraph, above, as if repeated within this count.

48.    On or about December 26, 2020, Defendant posted a video segment on YouTube featuring one or more photographs of Plaintiff, specifically referencing her full name and her presence in Florida, and containing false statements about her, which exposed Plaintiff to hatred, distrust, ridicule, contempt, or disgrace, which injured her in the exercise of her business on YouTube, and which attributed acts of unchastity to Plaintiff.

49.    Defendant's video segment on or about December 26, 2020, included Defendant's publication or republication of defamatory statements falsely asserting, among other harmful assertions, that Plaintiff was a mistress to a senior executive with Xigua, a Chinese video-sharing platform, she left junior high school to soon after become a mistress to a corrupt official in Suqian City, she later became a prostitute and a mistress to a corrupt official in Shanghai, with whom Plaintiff had a son, and she now works as a prostitute and consorts with "white men" and "black men" in the United States.

CASE NO.

50. Defendant's video segment on or about December 26, 2020, included defamatory statements falsely asserting that Plaintiff's video segments were written by the Falun Gong, a Chinese religious movement, and the Epoch Times, a media company associated with the Falun Gong.

51. Defendant's video segment on or about December 26, 2020, also included statements by which Defendant falsely implied that another YouTube host visited Plaintiff in Florida, for sex, and that Plaintiff's voice is of poor quality from fellatio.

52. The defamatory statements in Defendant's video segment on or about December 26, 2020, are actionable *per se*, and as such, Defendant's malice and the resulting injury and damage to Plaintiff are conclusively presumed under Florida law.

53. Notwithstanding this conclusive presumption of malice and damage, Defendant's video segment on or about December 26, 2020, proximately caused actual damages to Plaintiff in the past, and will cause actual damages to Plaintiff in the future, including, but not limited to, her shame, humiliation, and mental anguish, medical expenses, and her loss of earnings and earning capacity.

WHEREFORE, Plaintiff, YAQIN LIU, hereby demands entry of a judgment against Defendant, BIN ZHANG, for compensatory damages, costs, and such other relief as this Court may deem just and proper.

**COUNT VII**
**DEFAMATION PER SE REGARDING**
**VIDEO SEGMENT AND STATEMENTS PUBLISHED ON**
**DECEMBER 27, 2020**

54. Plaintiff adopts and incorporates by reference the first paragraph through the tenth paragraph, above, as if repeated within this count.

55. On or about December 27, 2020, Defendant posted a video segment on YouTube featuring one or more photographs of Plaintiff and containing false statements about her, which exposed Plaintiff to hatred, distrust, ridicule, contempt, or disgrace, which injured her

10

Case 6:26-ap-01035-SY Doc 15-2 Filed 04/29/26 Entered 04/29/26 17:30:44 Desc
Exhibit B - Copy of Complaint in State Court Actions Complaint Defendant Page 12 of Page 19 of 30

CASE NO.

in the exercise of her business on YouTube, and which attributed acts of unchastity to Plaintiff.

56.     Defendant's video segment on or about December 27, 2020, included Defendant's publication or republication of defamatory statements falsely asserting, among other harmful assertions, that Plaintiff was a mistress of the same, supposed CCP spy referenced in Defendant's prior video segments on December 17, 19, 20 and 23, 2020, was a mistress of the same YouTube host referenced in Defendant's prior video segment on December 26, 2020, and "is a little female cat in heat."

57.     Defendant's video segment on or about December 27, 2020, concluded with remarks by which Defendant encouraged Plaintiff to sue him because of his defamatory statements, specifically stating, "I hope you continue to sue me.  I am not afraid. . . . I have full legal responsibility to all the content I said, right?  I am not afraid of losing money or anything."

58.     The defamatory statements in Defendant's video segment on or about December 27, 2020, are actionable *per se*, and as such, Defendant's malice and the resulting injury and damage to Plaintiff are conclusively presumed under Florida law.

59.     Notwithstanding this conclusive presumption of malice and damage, Defendant's video segment on or about December 27, 2020, proximately caused actual damages to Plaintiff in the past, and will cause actual damages to Plaintiff in the future, including, but not limited to, her shame, humiliation, and mental anguish, medical expenses, and her loss of earnings and earning capacity.

WHEREFORE, Plaintiff, YAQIN LIU, hereby demands entry of a judgment against Defendant, BIN ZHANG, for compensatory damages, costs, and such other relief as this Court may deem just and proper.

CASE NO.

## DEMAND FOR JURY TRIAL

Plaintiff, YAQIN LIU, in accordance with Rule 1.430(b) of the Florida Rules of Civil

Procedure, hereby demands a jury trial of all issues so triable.

/s/

Richard C. Alvarez, Esquire
Florida Bar No. 031615
OLDER LUNDY ALVAREZ & KOCH
*Counsel to Plaintiff*
1000 West Cass Street
Tampa, Florida 33606
Telephone No. (813) 254-8998
Facsimile No. (813) 839-4411
triallawyers@olalaw.com

12

# EXHIBIT B

IN THE CIRCUIT COURT OF THE THIRTEENTH JUDICIAL CIRCUIT
IN AND FOR HILLSBOROUGH COUNTY, FLORIDA

YAQIN LIU,

        Plaintiff,

                                     Case No. 21-CA-004599

v.

                                     Division J

BIN ZHANG,

        Defendant.

_____/

## VERDICT FORM

We, the jury, return the following verdict:

1.    What is the total amount of damages for the medical expenses incurred by Plaintiff in the past and the medical expenses to be incurred by Plaintiff in the future?

                                                      $ 100,000

2.    What is the total amount of damages for Plaintiff's loss of earnings in the past and Plaintiff's loss of earning capacity in the future?

                                                      $ 1,400,000

3.    What is the total amount of damages for the shame, humiliation, and mental anguish experienced by Plaintiff in the past and to be experienced by Plaintiff in the future?

                                                      $ 125,000

SO SAY WE ALL, this __18__ day of November, 2022.

_____
FOREPERSON

# EXHIBIT C

IN THE CIRCUIT COURT OF THE THIRTEENTH JUDICIAL CIRCUIT IN AND
FOR HILLSBOROUGH COUNTY, FLORIDA

YAQIN LIU,

     Plaintiff,

v.                                                  CASE NO. 21-CA-004599

                                           DIVISION J

BIN ZHANG,

     Defendant.

_____/

**CLERK OF CIRCUIT COURT**
**NOV 18 2022 PM12:16**

## FINAL JUDGMENT

Pursuant to the verdict rendered in this action, it is hereby ORDERED and ADJUDGED that Plaintiff, YAQIN LIU, whose address is 218 East Bearss Avenue, Unit 140, Tampa, Florida 33613, shall have and recover from Defendant, BIN ZHANG, who is also known as Alex Chang and whose last known address is 33276 Alagon Street, Temecula, California 92592, a final judgment for the sum of $ 1,625,000.00, which shall immediately begin to bear interest at the rate of 4.75% per year pursuant to Florida Statutes, § 55.03, and for which execution shall now issue.

This Court further reserves its jurisdiction to enforce this Final Judgment and to enter any additional orders as may be necessary and appropriate, including, but not limited to, any order on Plaintiff's entitlement to the recovery of costs pursuant to Florida Statutes, § 57.041.

DONE and ORDERED in Chambers in Hillsborough County, Florida, this _18th_ day of November, 2022.

_____
Chet A. Tharpe
CIRCUIT COURT JUDGE

I hereby certify that the foregoing is a true and correct copy of the unredacted document on file in my office. Witness my hand and Official Seal this _18_ day of _November_ 20_22_.

Hillsborough County, State of Florida
Clerk of the Circuit Court and Comptroller
By: _____
Print: Samantha Herman    Deputy Clerk

**B1040 (FORM 1040) (12/24)**

| ADVERSARY PROCEEDING COVER SHEET<br>(Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER<br>(Court Use Only) |
|---|---|

| PLAINTIFFS<br><br>DUODUO CAO f/k/a YAGIN LIU | DEFENDANTS<br><br>BIN ZHANG |
|---|---|
| ATTORNEYS (Firm Name, Address, and Telephone No.)<br>AKERMAN LLP, 633 West Fifth Street, Suite 6400<br>Los Angeles, CA 90071, Telephone: (213) 688-9500 | ATTORNEYS (If Known) |
| PARTY (Check One Box Only)<br>□ Debtor　　　□ U.S. Trustee/Bankruptcy Admin<br>☑ Creditor　　□ Other<br>□ Trustee | PARTY (Check One Box Only)<br>☑ Debtor　　　□ U.S. Trustee/Bankruptcy Admin<br>□ Creditor　　□ Other<br>□ Trustee |

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)

Determination That the Debt Due to Plaintiff Is Non-Dischargeable Pursuant to 11 U.S.C. § 523(a)(6)

## NATURE OF SUIT

(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(a) – Recovery of Money/Property**
□ 11-Recovery of money/property - §542 turnover of property
□ 12-Recovery of money/property - §547 preference
□ 13-Recovery of money/property - §548 fraudulent transfer
□ 14-Recovery of money/property - other

**FRBP 7001(b) – Validity, Priority or Extent of Lien**
□ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(c) – Approval of Sale of Property**
□ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(d) – Objection/Revocation of Discharge**
□ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(e) – Revocation of Confirmation**
□ 51-Revocation of confirmation

**FRBP 7001(f) – Dischargeability**
□ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
□ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
□ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny
**(continued next column)**

**FRBP 7001(f) – Dischargeability (continued)**
□ 61-Dischargeability - §523(a)(5), domestic support
☑ 68-Dischargeability - §523(a)(6), willful and malicious injury
□ 63-Dischargeability - §523(a)(8), student loan
□ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
□ 65-Dischargeability - other

**FRBP 7001(g) – Injunctive Relief**
□ 71-Injunctive relief – imposition of stay
□ 72-Injunctive relief – other

**FRBP 7001(h) Subordination of Claim or Interest**
□ 81-Subordination of claim or interest

**FRBP 7001(i) Declaratory Judgment**
□ 91-Declaratory judgment

**FRBP 7001(j) Determination of Removed Action**
□ 01-Determination of removed claim or cause

**Other**
□ SS-SIPA Case – 15 U.S.C. §§78aaa *et.seq.*
□ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| □ Check if this case involves a substantive issue of state law | □ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| □ Check if a jury trial is demanded in complaint | Demand $ 1,625,000 plus interest |

Other Relief Sought

B1040 (FORM 1040) (12/24)

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES | | |
|---|---|---|
| NAME OF DEBTOR<br>BIN ZHANG | BANKRUPTCY CASE NO.<br>6:26-bk-10804-SY | |
| DISTRICT IN WHICH CASE IS PENDING<br>CENTRAL | DIVISION OFFICE<br>RIVERSIDE | NAME OF JUDGE<br>SCOTT H. YUN |
| RELATED ADVERSARY PROCEEDING (IF ANY) | | |
| PLAINTIFF | DEFENDANT | ADVERSARY PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING | DIVISION OFFICE | NAME OF JUDGE |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF)<br><br>*/s/ Evelina Gentry* | | |
| DATE<br>April 28, 2026 | PRINT NAME OF ATTORNEY (OR PLAINTIFF)<br>Evelina Gentry, Esq. | |

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also complete and file Form 1040, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 1040 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party**. Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.

| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address<br><br>Evelina Gentry<br>Akerman LLP<br>633 West Fifth Street<br>Suite 6400<br>Los Angeles, CA 90071<br><br>213–533–5975<br><br><br><br><br><br><br><br>*Plaintiff or Attorney for Plaintiff* | FOR COURT USE ONLY |
|---|---|

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA – RIVERSIDE**

| In re:<br><br><br>Bin Zhang<br><br><br><br><br>Debtor(s). | CASE NO.: 6:26–bk–10804–SY<br><br>CHAPTER: 7<br><br><br>ADVERSARY NUMBER: 6:26–ap–01035–SY |
|---|---|
| DuoDuo Cao<br><br>**(See Attachment A for names of additional plaintiffs)**<br><br>Plaintiff(s)<br>Versus<br><br>Bin Zhang<br><br><br>Defendant(s) | **SUMMONS AND NOTICE OF STATUS CONFERENCE IN ADVERSARY PROCEEDING [LBR 7004–1]** |

TO THE DEFENDANT(S): A Complaint has been filed by the Plaintiff against you. If you wish to defend against the Complaint, you must file with the court a written pleading in response to the Complaint. You must also serve a copy of your written response on the party shown in the upper left–hand corner of this page. The deadline to file and serve a written response is **06/01/2026.** If you do not timely file and serve the response, the court may enter a judgment by default against you for the relief demanded in the Complaint.

A status conference in the adversary proceeding commenced by the Complaint has been set for:

| | |
|---|---|
| **Date:** | **July 30, 2026** |
| **Time:** | **09:30 AM** |
| **Hearing Judge:** | **Scott H. Yun** |
| **Location:** | **3420 Twelfth St., Crtrm 302, Riverside, CA 92501** |

---

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

**F 7004–1.SUMMONS.ADV.PROC**

**You must comply with LBR 7016–1, which requires you to file a joint status report and to appear at a status conference.** All parties must read and comply with the rule, even if you are representing yourself. You must cooperate with the other parties in the case and file a joint status report with the court and serve it on the appropriate parties at least 14 days before a status conference. A court–approved joint status report form is available on the court's website (LBR form F 7016–1.STATUS.REPORT) with an attachment for additional parties if necessary (LBR form F 7016–1.STATUS.REPORT.ATTACH). If the other parties do not cooperate in filing a joint status report, you still must file with the court a unilateral status report and the accompanying required declaration instead of a joint status report 7 days before the status conference. **The court may fine you or impose other sanctions if you do not file a status report. The court may also fine you or impose other sanctions if you fail to appear at a status conference.**

KATHLEEN J. CAMPBELL
CLERK OF COURT

Date of Issuance of Summons and Notice of Status Conference in Adversary Proceeding: <u>April 30, 2026</u>

By: <u>   "s/" Shari Mason   </u>

Deputy Clerk



---

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

# ATTACHMENT A
## Names of plaintiffs and defendants

| Plaintiff(s): | Defendant(s): |
|---|---|
| DuoDuo Cao<br>Yagin Liu | Bin Zhang |

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

# ATTACHMENT A

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:

A true and correct copy of the foregoing document entitled: **SUMMONS AND NOTICE OF STATUS CONFERENCE IN ADVERSARY PROCEEDING [LBR 7004–1]** and (2) the accompanying pleading(s) entitled:

_____

_____

will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005–2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) _____, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☐  Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**: On (*date*) _____, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be completed</u> no later than 24 hours after the document is filed.

☐  Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge <u>will be completed</u> no later than 24 hours after the document is filed.

☐  Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

_____    _____
*Date*                          *Printed Name*                              *Signature*

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*December 2016*                                          **F 7004–1.SUMMONS.ADV.PROC**