**AKERMAN LLP**
EVELINA GENTRY (SBN 296796)
evelina.gentry@akerman.com
633 West Fifth Street, Suite 6400
Los Angeles, CA 90071
Telephone: (213) 688-9500
Facsimile: (213) 627-6342

*Attorneys for Plaintiff/Judgment Creditor*
*DuoDuo Cao f/k/a Yaqin Liu*

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT – RIVERSIDE DIVISION**

| | |
|---|---|
| In re:<br><br>BIN ZHANG,<br><br>　　　　　　Debtor | Case No.: 6:26-bk-10804-SY<br><br>The Hon. Scott H. Yun<br><br>Chapter 7 |
| DUODUO CAO f/k/a YAQIN LIU<br><br>　　　　　　Plaintiff,<br><br>vs.<br><br>BIN ZHANG,<br><br>　　　　　　Defendant. | Adv. No. 6:26-ap-01035-SY<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR DEFAULT JUDGMENT ON NON-DISCHARGEABILITY OF DEBT**<br><br>[*Notice of Motion, Form Motion F 7055 -1.2 w/ Exhibits A-D, and Request of Judicial w/ Exhibits 1-14 Filed Concurrently Herewith*]<br><br>Date: July 9, 2026<br>Time: 9:30 a.m.<br>Courtroom: 302<br>Place:  U.S. Bankruptcy Court<br>　　　　3420 Twelfth Street<br>　　　　Riverside, CA 92501 |

Plaintiff, DuoDuo Cao (f/k/a Yaqin Liu), hereby submits the following memorandum of points and authorities in support of her Motion for Default Judgment Under LBR 7055-1 and against Defendant, Bin Zhang.

1

6:26-ap-01035-SY

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR DEFAULT JUDGMENT ON NON-DISCHARGEABILITY OF DEBT**

87042039;1

On April 24, 2026, Plaintiff filed her Complaint to Determine Non-Dischargeability of Debt Pursuant to 11 U.S.C. § 523(a)(6). Compl. (Doc. 1). As explained therein, Plaintiff and Defendant previously engaged in litigation, before Florida's Thirteenth Circuit Court, regarding Plaintiff's claims of defamation *per se* against Defendant. *Id.* at ¶¶ 8-24. The prior litigation resulted in a jury verdict and the state court's entry of a final judgment of $1,625,000 against Defendant. *Id.* at ¶¶ 23-25. Plaintiff seeks to determine the non-dischargeability of Defendant's debt since the "willful and malicious injury" required under § 523(a)(6) was proven in the prior litigation on defamation *per se*. *Id* at ¶¶ 27-34.

On April 30, 2026, Plaintiff's Complaint to Determine Non-Dischargeability of Debt was served upon Defendant and his legal counsel by mail. Proof of Service (Doc. 3).

Defendant thereafter failed to plead or defend in response, and a clerical default was entered against Defendant on June 10, 2026. Notice of Clerical Default Under L. B. R. 7055-1(a) (Doc. 12).

Plaintiff has since moved for this Court's entry of a default judgment under Federal Rule of Civil Procedure 55, Federal Bankruptcy Rule 7055, and Local Bankruptcy Rule 7055-1.

This Court should enter a default judgment determining the non-dischargeability of Defendant's debt for the prior, state-court judgment based upon the admissions resulting from Defendant's default or, alternatively, based upon the doctrine of collateral estoppel.

## I.    ADMISSIONS RESULTING FROM DEFAULT

Under Federal Rule of Civil Procedure 8, "[a]n allegation – other than one relating to the amount of damages – is admitted if a responsive pleading is required and the allegation is not denied." Fed. R. Civ. P. 8(b)(6).

Plaintiff's action before this Court seeks only a determination that the debt owed by Defendant, as reflected and liquidated in the prior, state-court judgment, is non-dischargeable pursuant to 11 U.S.C. § 523(a)(6). Compl. at 6 (Prayer for Relief).

Defendant's default has resulted in admissions regarding the willful injury and malicious acts inherent in defamation *per se* and required for non-dischargeability under § 523(a)(6).

**AKERMAN LLP**
633 West Fifth Street, Suite 6400
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

2                                                     6:26-ap-01035-SY

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR DEFAULT JUDGMENT ON NON-DISCHARGEABILITY OF DEBT**

87042039;1

AKERMAN LLP
633 WEST FIFTH STREET, SUITE 6400
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

## A.      Admissions Regarding Defamation *Per Se*

Defendant's default has resulted in the admission of all allegations in Plaintiff's Complaint to Determine Non-Dischargeability of Debt regarding the prior litigation and judgment on defamation *per se*, including, but not limited to the following:

- In June 2021, and years before the petition date, Plaintiff commenced an action against Defendant before Florida's Thirteenth Circuit Court and seeking damages for defamation *per se*. A true and correct copy of the complaint initiating the state-court action is seen at Exhibit "A" in the Complaint to Determine Non-Dischargeability. Compl. at ¶ 8.

- Beginning in or around February 2020, Plaintiff began posting video segments on YouTube in which she shared her gratitude for the United States and occasionally offered her opinions on the relationship between the United States and her native country, China. *Id.* at ¶ 9.

- Plaintiff's video segments were featured on her YouTube channel under the name "Māo Shén (Māoyǎn Kàn Zhōng Guó)" or, in English, "Cat God (Cat Eyes Seeing China)." *Id.* at ¶ 10.

- As of December 2020, Plaintiff's video segments had earned over 180,000 subscriptions to her YouTube channel, were viewed over 10,000,000 times in the United States, and became a source of recurring income for Plaintiff. *Id.* at ¶ 11.

- At the same time, Defendant posted video segments on YouTube in which he provided financial advice, encouraged business inquiries by email, solicited subscriptions to his channel, permitted viewers to post comments, welcomed donations via PayPal, and generated income for Defendant. *Id.* at ¶ 12.

- In December 2020, Defendant posted a series of seven video segments on YouTube, as part of his self-proclaimed "Cat Killing Mission," wherein he attacked Plaintiff with defamatory statements that identified Plaintiff in photographs and by her actual name and residence, clamored for additional personal information on Plaintiff, declared his objective of having Plaintiff involuntarily repatriated to China, actively encouraged Plaintiff to sue him because of his defamatory statements, and otherwise sought to ruin Plaintiff's channel, viewership, subscriptions, and income for the enhancement of his own YouTube channel, viewership, subscriptions, and income. *Id.* at ¶ 13.

- Defendant's defamatory video segments included false statements asserting, among other hateful assertions, that Plaintiff was the spokesperson for, and mistress of, a supposed spy for the Chinese Communist Party ("CCP") and, together, they were "this adulterer and this whore"; that Plaintiff "has been raped by black men, gang raped"; that Plaintiff was a prostitute and consorted with "white men" and "black men" in the United States; and that Plaintiff was a mistress to corrupt officials in China. *Id.* at ¶ 14.

3                                                                    6:26-ap-01035-SY

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR DEFAULT JUDGMENT ON NON-DISCHARGEABILITY OF DEBT**

87042039;1

AKERMAN LLP

633 WEST FIFTH STREET, SUITE 6400
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

- Defendant's statements and video segments exposed Plaintiff to hatred, distrust, ridicule, contempt, and disgrace, injured her in the exercise of her business on YouTube, and attributed unchastity, acts in concert with the CCP, criminal misconduct, unfitness in her chosen occupation, and other loathsome characteristics to Plaintiff. *Id.* at ¶ 17.

- Defendant's statements and video segments were defamatory *per se* and, thus, Defendant's malice and intent to harm Plaintiff were conclusively presumed under the law. *Id.* at ¶ 18.

- Plaintiff also suffered actual damages because of Defendant's willful and malicious statements, including Plaintiff's hospitalization for suicidal ideation. *Id.* at ¶ 19.

- Defendant retained legal counsel and initially defended against the state-court action, filed an answer and affirmative defenses, and even filed a counterclaim against Plaintiff. *Id.* at ¶ 21.

- The state court subsequently struck Defendant's answer, affirmative defenses, and counterclaim due to Defendant's misconduct during the litigation, and as a consequence, the allegations in Plaintiff's complaint for defamation *per se* were deemed admitted, except those pertaining to the amount of damages, which was reserved for the jury's determination at trial. *Id.* at ¶ 22.

- A trial was conducted and resulted in the jury's verdict of $1,625,000 in favor of Plaintiff and against Defendant. *Id.* at ¶ 23.

- On November 18, 2022, the state court entered its final judgment on Plaintiff's claims of defamation *per se* and against Defendant in the amount of $1,625,000, plus interest at the rate of 4.75% per year pursuant to Florida Statutes, § 55.03. *Id.* at ¶ 25.

- The final judgment remains completely unsatisfied by Defendant. *Id.* at ¶ 26.

In addition to the establishment of the foregoing facts due to Defendant's default, each of these facts is shown and proven by the official records of Florida's Thirteenth Circuit Court. Plaintiff has separately requested that this Court judicially notice particular records from the state court, as certified by its clerk, and in support of Plaintiff's motion for default judgment. See Pl.'s Req. for Judicial Notice of Certified State-Court Records. Under the Full Faith and Credit Act, these certified records have "the same full faith and credit in every court with the United States . . . as they have by law or usage in the courts of such State . . . from which they are taken." 28 U.S.C. § 1738.

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR DEFAULT JUDGMENT ON NON-DISCHARGEABILITY OF DEBT**

87042039;1

**B.    Admissions Regarding Non-Dischargeability**

Under § 523(a)(6), a debt "for willful and malicious injury by the debtor to another" is not dischargeable. 11 U.S.C. § 523(a)(6); accord. *Kawaauhau v. Geiger*, 523 U.S. 57, 59 (1998). "Willful" under § 523(a)(6) requires "a deliberate or intentional <u>injury</u>." *Kawaauhau*, 523 U.S. at 61 (emphasis in original). As for "malicious" under § 523(a)(6), "it is the wrongful act that must be committed intentionally rather than the injury itself." *In re Sicroff*, 401 F. 3d 1101, 1106 (9th Cir. 2005).

Defendant's default has resulted in the admission of all allegations regarding his malicious acts and the willful injury to Plaintiff, as required for non-dischargeability under § 523(a)(6). These admissions include, but are not limited to, the following:

- Defendant willfully and maliciously injured Plaintiff by publishing false and hateful statements about Plaintiff that were viewed throughout the United States and deliberately exposed Plaintiff to hatred, distrust, ridicule, contempt, and disgrace, injured her in the exercise of her business, and attributed unchastity, acts in concert with the CCP, criminal misconduct, unfitness in her chosen occupation, and other loathsome acts and characteristics to Plaintiff. Compl. at ¶ 29.

- Defendant's statements, when read or heard plainly, demonstrated his intent to injure Plaintiff: Defendant proclaimed a "Cat Killing Mission," referenced Plaintiff's full name and residence, featured photographs of Plaintiff, declared his objective of having Plaintiff involuntarily repatriated to China, clamored for more personal information about Plaintiff, and repeatedly encouraged Plaintiff to sue him, boasting that he had "full legal responsibility" for his statements and was "not afraid of losing money." *Id.* at ¶ 30.

- Defendant's defamatory statements were highly personal and intended to harm Plaintiff, which they did in many ways, including her hospitalization for suicidal ideation. *Id.* at ¶ 31.

- The final judgment in the state-court action arose from Defendant's willful and malicious injury to Plaintiff and is nondischargeable. *Id.* at ¶ 33.

- Defendant's conduct precludes him from obtaining a discharge of his debt to Plaintiff pursuant to Section 523(a)(6) of the Bankruptcy Code. *Id.* at ¶ 34.

## II.    ALTERNATIVE BASIS OF COLLATERAL ESTOPPEL

Notwithstanding these admissions resulting from Defendant's default, the willful injury to Plaintiff and Defendant's malicious acts, as required for non-dischargeability under § 523(a)(6), can

AKERMAN LLP
633 WEST FIFTH STREET, SUITE 6400
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

5                                          6:26-ap-01035-SY

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR DEFAULT JUDGMENT ON NON-DISCHARGEABILITY OF DEBT**

87042039;1

be established on the alternative basis of collateral estoppel.

Collateral estoppel applies to proceedings seeking exceptions from discharge under § 523(a). *Grogan v. Garner,* 498 U.S. 279, 284 n. 11 (1991).

Under the Full Faith and Credit Act, the preclusive effect of a prior, state-court judgment is determined by the preclusion law of the state in which the judgment was issued. *Gayden v. Nourbakhsh (In re Nourbakhsh),* 67 F. 3d 798, 800 (9th Cir. 1995); *Gonzales v. Cal. Dept. of Corrections*, 739 F. 3d 1226, 1230 (9th Cir. 2014)

In Florida, "[c]ollateral estoppel, or estoppel by judgment, is a judicial doctrine which in general terms prevents identical parties from relitigating issues that have previously been decided between them." *Mobil Oil v. Shevin*, 354 So. 2d 372, 374 (Fla. 1977) "The essential elements of the doctrine are that the parties and issues be identical, and that the particular matter be fully litigated and determined in a contest which results in a final decision of a court of competent jurisdiction." *Id.*; accord. *Marquardt v. State*, 156 So. 3d 464, 481 (Fla. 2015).

The certified, state-court records demonstrate that each of these elements has been satisfied and that collateral estoppel provides another basis for this Court's determination that Defendant's debt, as reflected and liquidated in the state-court judgment, is non-dischargeable under § 523(a)(6).

Clearly, the parties in the state-court litigation were one and the same.

The maliciousness of Defendant's acts and the willfulness of Plaintiff's injury, as required for non-dischargeability under § 523(a)(6), were inherent in the claims of defamation *per se* proven before the state court. In Florida, a statement is defamatory *per se* "if it imputes to another (a) a criminal offense amounting to a felony, or (b) a presently existing venereal or other loathsome or communicable disease, or (c) conduct, characteristics, or a condition incompatible with the proper exercise of his lawful business, trade, profession, or office, or (d) the other being a woman, acts of unchastity." *Campbell v. Jacksonville Kennel Club*, 66 So. 2d 495, 497 (Fla. 1953).

> In the case of words actionable *per se* their injurious character is a fact of common notoriety, . . . and the courts consequently take juridical notice of it. Words amounting to libel *per se* necessarily import damage and malice in legal contemplation, so these elements need not be pleaded or proved, as they are conclusively presumed as a matter

AKERMAN LLP
633 WEST FIFTH STREET, SUITE 6400
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR DEFAULT JUDGMENT ON NON-DISCHARGEABILITY OF DEBT**

87042039;1

of law in such cases.

*Layne v. Tribune*, 146 So. 234, 236 (Fla. 1933). Florida law has always "conclusively implied malice and damage when false and defamatory statements were deliberately published without excuse." *Id.* at 238.

The claims of defamation *per se*, and the inherent issues of maliciousness and willfulness, were fully litigated before the state court. Defendant retained legal counsel, answered Plaintiff's claims, raised affirmative defenses, and asserted counterclaims before being sanctioned by the state court and discharging his counsel as the trial approached. Cf. *In re Neil*, 665 B.R. 859, 862 (Bankr, S.D. Fla. 2024) ("Under Florida law, even a pure default judgment, entered when there is no participation by the defendant, is sufficient to satisfy the 'actually litigated' element of collateral estoppel under Florida law.").

For these reasons, courts have frequently applied collateral estoppel to determine that debts or judgments arising from defamation *per se* are non-dischargeable under § 523(a)(6). See, e.g., *Sangha v. Schrader*, No. 24-4548, 2025 WL 1112938, * 2 (9th Cir. 2025); *In re Khaligh*, 338 B.R. 817, 831-832 (B.A.P. 9th Cir. 2006); *In re Roark*, No. 3:19-cv-0344-AJB-MSB, 2019 WL 3842998, * 2-3 (S.D. Cal. 2019); *In re Tiscareno*, 551 B.R. 1, 20-23 (Bankr. N.D. Cal. 2016).

## III.    CONCLUSION

Whether based upon the admissions resulting from Defendant's default or based upon collateral estoppel, this Court should enter a default judgment determining Defendant's debt, as reflected and liquidated in the prior, state-court judgment, to be non-dischargeable under 11 U.S.C. § 523(a)(6).

Date: June 16, 2026                          **AKERMAN LLP**


By: */s/ Evelina Gentry*
Evelina Gentry
*Attorneys for Plaintiff/Judgment Creditor*
*Duoduo Cao f/k/a Yaqin Liu*

**AKERMAN LLP**
633 WEST FIFTH STREET, SUITE 6400
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR DEFAULT JUDGMENT ON NON-DISCHARGEABILITY OF DEBT**

87042039;1