# EXHIBIT 2



# Electronically Certified Court Record

This is to certify that this is a redacted copy of the original on file in this office.

## DOCUMENT INFORMATION

| | |
|---|---|
| **Agency Name:** | Hillsborough County Clerk of the Circuit Court |
| **Clerk of the Circuit Court:** | The Honorable Victor D. Crist |
| **Date Issued:** | 5/27/2026 3:24:13 PM |
| **Unique Reference Number:** | CAA-FAE-BCAFH-EIHJDJABIDACHADCGGFG-BFCHEII-I |
| **Case Number:** | 21-CA-004599 |
| **Case Docket:** | COMPLAINT |
| **Requesting Party Code:** | 504 |
| **Requesting Party Reference:** | 19162793 |

## CERTIFICATION

Pursuant to Sections 90.955(1) and 90.902(1), Florida Statutes, and Federal Rules of Evidence 901(a), 901(b)(7), and 902(1), the attached document is electronically certified by The Honorable Victor D. Crist, Hillsborough County Clerk of the Circuit Court and Comptroller, to be a true and correct copy of an official record or document authorized by law to be recorded or filed and actually recorded or filed in the office of the Hillsborough Clerk of the Circuit Court. The document may have redactions as required by law.

## HOW TO VERIFY THIS DOCUMENT

This document contains a Unique Reference Number for identification purposes and a tamper-evident seal to indicate if the document has been tampered with. To view the tamper-evident seal and verify the certifier's digital signature, open this document with Adobe Reader software. You can also verify this document by scanning the QR code or visiting https://Verify.Clerkecertify.com/VerifyImage .

\*\*The web address shown above contains an embedded link to the verification page for this particular document.

\*If you are a person with a disability who needs an accommodation, you are entitled, at no cost to you, to the provision of certain assistance. To request such an accommodation please contact the Clerk's ADA Coordinator within seven working days of the date the service is needed; if you are hearing or voice impaired, call 711.

Clerk of Court & Comptroller's Office ADA Coordinator

601 E. Kennedy Blvd., Tampa, FL 33602

Phone: (813) 276-8100, extension 4347

Email: HOVER@hillsclerk.com



Filing # 128713045 E-Filed 06/04/2021 11:40:13 AM

Case 6:26-ap-01035-SY    Doc 18-2    Filed 06/16/26    Entered 06/16/26 17:48:02    Desc
Exhibit 2 - Complaint (Doc. 6)    Page 3 of 14

Unique Code : CAA-FAE-BCAFH-EIHJDJABIDACHADCGGFG-BFCHEII-I Page 1 of 12

IN THE CIRCUIT COURT OF THE
THIRTEENTH JUDICIAL CIRCUIT IN AND
FOR HILLSBOROUGH COUNTY, FLORIDA

YAQIN LIU,                                )
                                          )
    Plaintiff,                        )
                                          )
                                          )    CASE NO.
v.                                        )
                                          )    DIVISION
BIN ZHANG,                                )
                                          )
    Defendant.                        )
_____   )

## COMPLAINT

Plaintiff, YAQIN LIU, hereby sues Defendant, BIN ZHANG, and alleges as follows:

1.     This action involves online defamatory statements which were accessed in Florida and which were about, expressly aimed toward, and harmful to a Florida resident, who sustained damages in excess of $30,000, exclusive of interest, costs, and attorney's fees.

2.     Plaintiff, YAQIN LIU, is and was, at all material times, a lawful permanent resident of the United States and, more precisely, Hillsborough County, Florida.

3.     Beginning in or around February of 2020, Plaintiff began to post video segments on YouTube in which she shared her gratitude for the United States, referenced her support of the Republican Party, and occasionally offered her opinions on the relationship between the United States and her native country, China.

4.     Plaintiff's video segments are presented in Mandarin Chinese and are featured on her YouTube channel under the name of "Māo Shén (Māoyǎn Kàn Zhōng Guó)" or, in English, "Cat God (Cat Eyes Seeing China)."

5.     As of December of 2020, Plaintiff's youthful and observational video segments earned over 180,000 subscriptions to her YouTube channel, were viewed over 10,000,000 times in the United States, were viewed over 145,000 times in Florida alone, and became a source of recuring income for Plaintiff.

CASE NO.

6.     Defendant, BIN ZHANG, is and was, at all material times, a permanent resident of the United States and, more precisely, the State of California.

7.     Defendant posts video segments on YouTube which are automatically broadcast into Florida and in which he provides financial advice, encourages business inquiries by email, solicits subscriptions to his channel, permits viewers to post comments, welcomes donations via PayPal, and generates income for Defendant.

8.     Defendant's video segments are presented in Mandarin Chinese and are featured on his YouTube channel under the name of "Ālì Zài Měiguó" or, in English, "Ali in the USA."

9.     Beginning on December 17, 2020, and continuing through December 27, 2020, Defendant posted a series of seven video segments on YouTube, as part of his self-proclaimed, "Cat Killing Mission," wherein he attacked Plaintiff with defamatory statements that identified Plaintiff by her name and her Florida residence, clamored for additional personal information on Plaintiff, declared his objective of having Plaintiff involuntarily repatriated to China, actively encouraged Plaintiff to sue him because of his defamatory statements, and otherwise sought to ruin Plaintiff's YouTube channel, viewership, subscriptions, and income for the enhancement of his own YouTube channel, viewership, subscriptions, and income.

10.    Defendant's defamatory statements and video segments were viewed throughout the United States and, more precisely, by Floridians, including Floridians who subsequently notified and questioned Plaintiff about Defendant's misconduct.

**COUNT I**
**DEFAMATION PER SE REGARDING**
**VIDEO SEGMENT AND STATEMENTS PUBLISHED ON**
**DECEMBER 17, 2020**

11.    Plaintiff adopts and incorporates by reference the first paragraph through the tenth paragraph, above, as if repeated within this count.

Unique Code : CAA-FAE-BCAFH-EIHJDJABIDACHADCGGFG-BFCHEII-I Page 2 of 12

CASE NO.

12.     On or about December 17, 2020, Defendant posted a video segment on YouTube featuring one or more photographs of Plaintiff and containing false statements about her, which exposed Plaintiff to hatred, distrust, ridicule, contempt, or disgrace, which injured her in the exercise of her business on YouTube, and which attributed acts of unchastity to her.

13.     Defendant's video segment on or about December 17, 2020, included Defendant's publication or republication of defamatory statements falsely asserting, among other harmful assertions, that Plaintiff is the spokesperson for, and mistress of, a supposed spy for the Chinese Communist Party ("CCP") and, together, they are "this adulterer and this whore."

14.     The defamatory statements in Defendant's video segment on or about December 17, 2020, are actionable *per se*, and as such, Defendant's malice and the resulting injury and damage to Plaintiff are conclusively presumed under Florida law.

15.     Notwithstanding this conclusive presumption of malice and damage, Defendant's video segment on or about December 17, 2020, proximately caused actual damages to Plaintiff in the past, and will cause actual damages to Plaintiff in the future, including, but not limited to, her shame, humiliation, and mental anguish, medical expenses, and her loss of earnings and earning capacity.

WHEREFORE, Plaintiff, YAQIN LIU, hereby demands entry of a judgment against Defendant, BIN ZHANG, for compensatory damages, costs, and such other relief as this Court may deem just and proper.

**COUNT II
DEFAMATION PER SE REGARDING
VIDEO SEGMENT AND STATEMENTS PUBLISHED ON
DECEMBER 19, 2020**

16.     Plaintiff adopts and incorporates by reference the first paragraph through the tenth paragraph, above, as if repeated within this count.

3

CASE NO.

Unique Code : CAA-FAE-BCAFH-EIHJDJABIDACHADCGGFG-BFCHEII-I Page 4 of 12

17.     On or about December 19, 2020, Defendant posted a video segment on YouTube featuring one or more photographs of Plaintiff and containing false statements about her, which exposed Plaintiff to hatred, distrust, ridicule, contempt, or disgrace, which injured her in the exercise of her business on YouTube, and which attributed acts of unchastity to her.

18.     Defendant's video segment on or about December 19, 2020, included Defendant's publication or republication of defamatory statements falsely asserting, among other harmful assertions, that Plaintiff's YouTube channel and video segments are written, produced, and manipulated for revenues by the same, supposed CCP spy referenced in Defendant's prior video segment and, once again, that Plaintiff is the mistress of this supposed CCP spy.

19.     The defamatory statements in Defendant's video segment on or about December 19, 2020, are actionable *per se*, and as such, Defendant's malice and the resulting injury and damage to Plaintiff are conclusively presumed under Florida law.

20.     Notwithstanding this conclusive presumption of malice and damage, Defendant's video segment on or about December 19, 2020, proximately caused actual damages to Plaintiff in the past, and will cause actual damages to Plaintiff in the future, including, but not limited to, her shame, humiliation, and mental anguish, medical expenses, and her loss of earnings and earning capacity.

WHEREFORE, Plaintiff, YAQIN LIU, hereby demands entry of a judgment against Defendant, BIN ZHANG, for compensatory damages, costs, and such other relief as this Court may deem just and proper.

**COUNT III**
**DEFAMATION PER SE REGARDING**
**VIDEO SEGMENT AND STATEMENTS PUBLISHED ON**
**DECEMBER 20, 2020**

21.     Plaintiff adopts and incorporates by reference the first paragraph through the tenth paragraph, above, as if repeated within this count.

CASE NO.

22.     On or about December 20, 2020, Defendant posted a video segment on YouTube featuring one or more photographs of Plaintiff and containing false statements about her, which exposed Plaintiff to hatred, distrust, ridicule, contempt, or disgrace, which injured her in the exercise of her business on YouTube, and which attributed acts of unchastity to Plaintiff.

23.     Defendant's video segment on or about December 20, 2020, included Defendant's publication or republication of defamatory statements falsely asserting, among other harmful assertions, that Plaintiff is the mistress of the same, supposed CCP spy referenced in Defendant's prior video segments and that, together, they are "two adulterer whores."

24.     Defendant's video segment on or about December 20, 2020, also included remarks by which Defendant encouraged Plaintiff to respond to him because of his defamatory statements, but if she did not, "she is brainless with big breasts[.]"

25.     The defamatory statements in Defendant's video segment on or about December 20, 2020, are actionable *per se*, and as such, Defendant's malice and the resulting injury and damage to Plaintiff are conclusively presumed under Florida law.

26.     Notwithstanding this conclusive presumption of malice and damage, Defendant's video segment on or about December 20, 2020, proximately caused actual damages to Plaintiff in the past, and will cause actual damages to Plaintiff in the future, including, but not limited to, her shame, humiliation, and mental anguish, medical expenses, and her loss of earnings and earning capacity.

WHEREFORE, Plaintiff, YAQIN LIU, hereby demands entry of a judgment against Defendant, BIN ZHANG, for compensatory damages, costs, and such other relief as this Court may deem just and proper.

5

CASE NO.

**COUNT IV**
**DEFAMATION PER SE REGARDING**
**VIDEO SEGMENT AND STATEMENTS PUBLISHED ON**
**DECEMBER 23, 2020**

27.     Plaintiff adopts and incorporates by reference the first paragraph through the tenth paragraph, above, as if repeated within this count.

28.     On or about December 23, 2020, Defendant posted a video segment on YouTube featuring one or more photographs of Plaintiff and containing false statements about her, which exposed Plaintiff to hatred, distrust, ridicule, contempt, or disgrace, which injured her in the exercise of her business on YouTube, and which attributed acts of unchastity to Plaintiff.

29.     Defendant's video segment on or about December 23, 2020, included Defendant's publication or republication of defamatory statements falsely asserting, among other harmful assertions, that Plaintiff is the mistress of the same, supposed CCP spy referenced in Defendant's prior video segments, that Plaintiff was also the mistress of CCP officers, that she issued a death threat to Defendant and Defendant's son, and that she is "the CCP's big propaganda, . . . a CCP running dog, . . . a communist bandit, and . . . a shameless bitch."

30.     Defendant's video segment on or about December 23, 2020, also included remarks by which Defendant encouraged Plaintiff to sue him because of his defamatory statements, specifically stating, "I am waiting for you to sue me.  If you do not sue me, you are a son of a bitch."

31.     Defendant further clamored for additional personal information on Plaintiff, specifically stating, "I want to know your true identity, your real information.  Once you sue me, you will need to use your real identity.  I will get your personal address [and] your personal name."

32.     Defendant followed his requests for Plaintiff's personal address with a direct threat to her safety, specifically stating, "Let me remind you that, in Chinese families in the U.S.,

6

Unique Code : CAA-FAE-BCAFH-EIHJDJABIDACHADCGGFG-BFCHEII-I Page 6 of 12

CASE NO.

who doesn't have some guns in the house, right? . . . I am just giving you a little warning."

33.    Defendant thereafter declared his objective of having Plaintiff involuntarily repatriated to China.

34.    Defendant later added, "Once you let me know your real name, then we will put a good show on the stage.  So, everyone please keep paying attention to my channel."

35.    Defendant explained his commercial interest and his "Cat Killing Mission" by stating, "2021 will begin soon, one or my main tasks in 2021 is to drive you, [Plaintiff], out of YouTube."

36.    Defendant additionally stated, with the same commercial interest, "I hope, my friends, all people pass this video out and forward it, so that more people will know what kind of shit [Plaintiff] is."

37.    Defendant concluded his video segment on or about December 23, 2020, with renewed requests for additional information on Plaintiff, a renewed declaration of his objective to eliminate Plaintiff from YouTube, and another remark encouraging Plaintiff to sue Defendant, specifically stating, "I am waiting for you to sue me.  If you don't sue me, I will sue you anyway. I will definitely sue you."

38.    The defamatory statements in Defendant's video segment on or about December 23, 2020, are actionable *per se*, and as such, Defendant's malice and the resulting injury and damage to Plaintiff are conclusively presumed under Florida law.

39.    Notwithstanding this conclusive presumption of malice and damage, Defendant's video segment on or about December 23, 2020, proximately caused actual damages to Plaintiff in the past, and will cause actual damages to Plaintiff in the future, including, but not limited to, her shame, humiliation, and mental anguish, medical expenses, and her loss of earnings and earning capacity.

7

Unique Code : CAA-FAE-BCAFH-EIHJDJABIDACHADCGGFG-BFCHEII-I Page 7 of 12

CASE NO.

WHEREFORE, Plaintiff, YAQIN LIU, hereby demands entry of a judgment against Defendant, BIN ZHANG, for compensatory damages, costs, and such other relief as this Court may deem just and proper.

**COUNT V**
**DEFAMATION PER SE REGARDING**
**VIDEO SEGMENT AND STATEMENTS PUBLISHED ON**
**DECEMBER 24, 2020**

40.    Plaintiff adopts and incorporates by reference the first paragraph through the tenth paragraph, above, as if repeated within this count.

41.    On or about December 24, 2020, Defendant posted a video segment on YouTube featuring one or more photographs of Plaintiff, specifically referencing her presence in Florida, and containing false statements about her, which exposed Plaintiff to hatred, distrust, ridicule, contempt, or disgrace, which injured her in the exercise of her business on YouTube, and which attributed acts of unchastity to Plaintiff.

42.    Defendant's video segment on or about December 24, 2020, included Defendant's publication or republication of defamatory statements falsely asserting, among other harmful assertions, that Plaintiff is a mistress, "has been raped by black men, gang raped," and is "a big propaganda."

43.    Defendant's video segment on or about December 24, 2020, also included remarks by which Defendant encouraged Plaintiff to sue him because of his defamatory statements, specifically stating, "If what I said is not right, I am willing to bear full legal responsibilities."

44.    Defendant concluded his video segment on or about December 24, 2020, with further encouragement to Plaintiff, specifically stating, "Let me see how you can sue me. I am waiting for you."

45.    The defamatory statements in Defendant's video segment on or about December 24, 2020, are actionable *per se*, and as such, Defendant's malice and the resulting injury and

8

Unique Code : CAA-FAE-BCAFH-EIHJDJABIDACHADCGGFG-BFCHEII-I Page 8 of 12

CASE NO.

damage to Plaintiff are conclusively presumed under Florida law.

46.    Notwithstanding this conclusive presumption of malice and damage, Defendant's video segment on or about December 24, 2020, proximately caused actual damages to Plaintiff in the past, and will cause actual damages to Plaintiff in the future, including, but not limited to, her shame, humiliation, and mental anguish, medical expenses, and her loss of earnings and earning capacity.

WHEREFORE, Plaintiff, YAQIN LIU, hereby demands entry of a judgment against Defendant, BIN ZHANG, for compensatory damages, costs, and such other relief as this Court may deem just and proper.

**COUNT VI**
**DEFAMATION PER SE REGARDING**
**VIDEO SEGMENT AND STATEMENTS PUBLISHED ON**
**DECEMBER 26, 2020**

47.    Plaintiff adopts and incorporates by reference the first paragraph through the tenth paragraph, above, as if repeated within this count.

48.    On or about December 26, 2020, Defendant posted a video segment on YouTube featuring one or more photographs of Plaintiff, specifically referencing her full name and her presence in Florida, and containing false statements about her, which exposed Plaintiff to hatred, distrust, ridicule, contempt, or disgrace, which injured her in the exercise of her business on YouTube, and which attributed acts of unchastity to Plaintiff.

49.    Defendant's video segment on or about December 26, 2020, included Defendant's publication or republication of defamatory statements falsely asserting, among other harmful assertions, that Plaintiff was a mistress to a senior executive with Xigua, a Chinese video-sharing platform, she left junior high school to soon after become a mistress to a corrupt official in Suqian City, she later became a prostitute and a mistress to a corrupt official in Shanghai, with whom Plaintiff had a son, and she now works as a prostitute and consorts with "white men" and "black men" in the United States.

9

Unique Code : CAA-FAE-BCAFH-EIHJDJABIDACHADCGGFG-BFCHEII-I Page 9 of 12

CASE NO.

50.    Defendant's video segment on or about December 26, 2020, included defamatory statements falsely asserting that Plaintiff's video segments were written by the Falun Gong, a Chinese religious movement, and the Epoch Times, a media company associated with the Falun Gong.

51.    Defendant's video segment on or about December 26, 2020, also included statements by which Defendant falsely implied that another YouTube host visited Plaintiff in Florida, for sex, and that Plaintiff's voice is of poor quality from fellatio.

52.    The defamatory statements in Defendant's video segment on or about December 26, 2020, are actionable *per se*, and as such, Defendant's malice and the resulting injury and damage to Plaintiff are conclusively presumed under Florida law.

53.    Notwithstanding this conclusive presumption of malice and damage, Defendant's video segment on or about December 26, 2020, proximately caused actual damages to Plaintiff in the past, and will cause actual damages to Plaintiff in the future, including, but not limited to, her shame, humiliation, and mental anguish, medical expenses, and her loss of earnings and earning capacity.

WHEREFORE, Plaintiff, YAQIN LIU, hereby demands entry of a judgment against Defendant, BIN ZHANG, for compensatory damages, costs, and such other relief as this Court may deem just and proper.

### COUNT VII
### DEFAMATION PER SE REGARDING
### VIDEO SEGMENT AND STATEMENTS PUBLISHED ON
### DECEMBER 27, 2020

54.    Plaintiff adopts and incorporates by reference the first paragraph through the tenth paragraph, above, as if repeated within this count.

55.    On or about December 27, 2020, Defendant posted a video segment on YouTube featuring one or more photographs of Plaintiff and containing false statements about her, which exposed Plaintiff to hatred, distrust, ridicule, contempt, or disgrace, which injured her

10

Unique Code : CAA-FAE-BCAFH-EIHJDJABIDACHADCGGFG-BFCHEII-I Page 10 of 12

CASE NO.

in the exercise of her business on YouTube, and which attributed acts of unchastity to Plaintiff.

56.    Defendant's video segment on or about December 27, 2020, included Defendant's publication or republication of defamatory statements falsely asserting, among other harmful assertions, that Plaintiff was a mistress of the same, supposed CCP spy referenced in Defendant's prior video segments on December 17, 19, 20 and 23, 2020, was a mistress of the same YouTube host referenced in Defendant's prior video segment on December 26, 2020, and "is a little female cat in heat."

57.    Defendant's video segment on or about December 27, 2020, concluded with remarks by which Defendant encouraged Plaintiff to sue him because of his defamatory statements, specifically stating, "I hope you continue to sue me. I am not afraid. . . . I have full legal responsibility to all the content I said, right? I am not afraid of losing money or anything."

58.    The defamatory statements in Defendant's video segment on or about December 27, 2020, are actionable *per se*, and as such, Defendant's malice and the resulting injury and damage to Plaintiff are conclusively presumed under Florida law.

59.    Notwithstanding this conclusive presumption of malice and damage, Defendant's video segment on or about December 27, 2020, proximately caused actual damages to Plaintiff in the past, and will cause actual damages to Plaintiff in the future, including, but not limited to, her shame, humiliation, and mental anguish, medical expenses, and her loss of earnings and earning capacity.

WHEREFORE, Plaintiff, YAQIN LIU, hereby demands entry of a judgment against Defendant, BIN ZHANG, for compensatory damages, costs, and such other relief as this Court may deem just and proper.

11

Unique Code : CAA-FAE-BCAFH-EIHJDJABIDACHADCGGFG-BFCHEII-I Page 11 of 12

CASE NO.

**DEMAND FOR JURY TRIAL**

Plaintiff, YAQIN LIU, in accordance with Rule 1.430(b) of the Florida Rules of Civil

Procedure, hereby demands a jury trial of all issues so triable.

/s/

Richard C. Alvarez, Esquire
Florida Bar No. 031615
OLDER LUNDY ALVAREZ & KOCH
*Counsel to Plaintiff*
1000 West Cass Street
Tampa, Florida 33606
Telephone No. (813) 254-8998
Facsimile No. (813) 839-4411
triallawyers@olalaw.com

Unique Code : CAA-FAE-BCAFH-EIHJDJABIDACHADCGGFG-BFCHEII-I Page 12 of 12

12

I HEREBY CERTIFY THAT THE FOREGOING IS A TRUE AND CORRECT COPY OF THE DOCUMENT ON FILE IN MY OFFICE AS REDACTED PURSUANT TO COURT RULE. WITNESS MY HAND AND OFFICIAL SEAL.

VISIT HTTPS://HILLSCLERK.COM TO VALIDATE THIS DOCUMENT

THE HONORABLE VICTOR D. CRIST, CLERK OF THE CIRCUIT COURT

21-CA-004599, 5/27/2026 3:24:15 PM

Victor D. Crist, CLERK